## ALFRED NEWMAN v. THE STATE.

No. 23975. Delivered March 24, 1948.
Rehearing Denied April 21, 1948.

*John McLean,* of Fort Worth, for appellant.

*Sam Cleveland,* Stephenville, District Attorney, *Sam M. Russell,* of Stephenville, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the state penitentiary for a term of 30 years.

The record reflects that in the forenoon of April 26th, 1947, the deceased and his son left home in a coupe with the purpose of going to Mineral Wells. After they had passed through the town of Palo Pinto a distance of approximately one mile, the appellant came along upon the same highway in an automobile going West while they were going East. When appellant passed them he drove a short distance, then turned around and followed them to Mineral Wells. When the deceased and his son reached a point at the intersection of two streets, they encountered a red light and had to stop. The appellant drove his car along the right side of the car in which the deceased was riding and immediately, without saying anything, shot the deceased in the back of the head from the effects of which he died two days later. No weapon of any kind or character was found on the body of the deceased or in his car.

Appellant's plea was self-defense. He testified that some time prior thereto he and the deceased had a fight in the town of Mineral Wells; that when he drove up beside the car in which the deceased and his son were riding the deceased threw his hand back of his body which induced him to believe that the deceased was reaching for a gun whereupon he shot him. He further claimed that deceased caused his, appellant's, wife to sue for and obtain a divorce. This evidence seems to have been introduced for the purpose of showing the existence of adequate cause.

It appears from Bill of Exception No. 1 that the district attorney, on re-direct examination, propounded to Bob Crossland the following question: "You said on cross examination by Mr. Creighton when he asked you about when you hollered at your father when you saw the gun and immediately after you saw the gun, the shot went off and you said something. I didn't get it. Did you say he didn't have time to do anything?" The defendant objected to this question on the ground that it was leading, suggestive and called for a conclusion and opinion of the witness. The objection was overruled and the witness answered, "No, he didn't have time to do anything." Appellant then and there excepted to the ruling of the court. It occurs to us that the witness, on cross examination by appellant's attorney, had made the answer complained of, but the district attorney did not distinctly hear and understand all of the answer whereupon he, by the question, directed the witness to the subject inquired about by appellant's attorney. The witness repeated what he had theretofore said while being cross-examined by appellant's attorney. Consequently, we do not believe that this bill, under the circumstances, shows any error since it seems to us that it was a repetition of what he had said in reply to questions propounded to him by appellant's attorney.

Bill of Exception No. 2 reflects the following occurrence: while Mrs. Rhoades was testifying, appellant's attorney on direct examination inquired of her whether or not Margaret (meaning appellant's former wife), ever showed her a pair of nylon hose which she told the witness that the deceased gave to her. The State objected to the question because it called for hearsay testimony. The objection was sustained and appellant excepted. It is obvious that what Margaret may have told her regarding the hose was hearsay. Consequently, no error is reflected by the bill.

Bill of Exception No. 3 shows that the district attorney on cross examination of Inez Rhoades propounded to her the following questions: "Do you say that you don't know that your brother and his wife separated once in El Paso? A. No, Sir. Once in New Mexico or in Kansas, or Ohio, etc? A. No, Sir." Appellant's attorney, addressing the court, said, "If the court please, if the gentleman wants to testify, he has the privilege of getting on the witness stand, but he is asking about things that nobody on earth knows anything about except the attorney for the state." No ground of objection was stated and no exception was taken. Under these circumstances as they appear in the bill no error is shown.

By Bill of Exception No. 4 he complains of the action of the trial court in permitting the state to ask Mrs. Inez Rhoades the following question: "You knew about it when they separated in Portales, New Mexico, didn't you?" The objection urged thereto was that it was immaterial, prejudicial, and hearsay. The objection was overruled and the witness answered, "No, Sir." Appellant excepted to the ruling of the court. We do not regard the answer as hearsay. It can hardly be deemed to be prejudicial since appellant himself admitted that they had separated for a short time while they lived in New Mexico. See S. F., page 63.

Testimony of the same nature as that complained of in Bill of Exception No. 5 was objected to as being inflammatory, prejudicial, and hearsay. It appears from the record that the appellant himself, while testifying in his behalf, testified to substantially the same facts. Consequently, the testimony herein complained of did not create any greater prejudice than the testimony given by him.

Bills of Exception Nos. 6 and 7 may well be disposed of together since they relate to certain questions propounded by the district attorney to A. M. Newman as to whether or not, while he visited appellant in New Mexico, appellant didn't knock his wife on the head and against the wall, to which the witness replied in the negative. Bill of Exception No. 7 shows that he then asked him if appellant didn't curse her, to which he also replied in the negative. These questions were, no doubt, asked with the view of eliciting an affirmative answer and rebutting appellant's contention that the deceased was the cause of appellant's wife separating from him and obtaining the divorce. We think it was permissible, if the district attorney did so in good faith, to make the inquiry and elicit the facts sought to be established.

Appellant next complains because the district attorney proved by Margaret Crossland, appellant's ex-wife, that she was divorced from him on March 10th. He then inquired of her if on the 1st day of February, 1947, appellant committed any act of violence upon her, to which she replied in the affirmative. This was permissible under the exception in Art. 714, C. C. P., which provides that the husband and wife may testify to an offense committed by one against the other. Moreover, there is evidence from other sources that appellant was tried and convicted for this offense against his wife. It was an act of violence, which, according to the state's theory, was the cause of their

separation and controverted appellant's contention that the deceased was the cause thereof. It is our opinion that this does not come within the rule of privileged communications.

Bills of Exception Nos. 9, 10, 11, 12, and 13 complain of the admission in evidence of other acts of misconduct by appellant against his wife which we think was admissible for the reason heretofore stated. We see no need of extending this opinion at greater length by discussing each of the bills separately.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant again insists that error is shown by Bill of Exception No. 1 in that the question was leading, suggestive and a conclusion of the witness. The testimony of the witness showed that appellant was following the car in which the deceased was sitting, and when the deceased's car had stopped at a red light in Mineral Wells, appellant's car came rolling up, and the shot was fired before his car had actually stopped. While the statement objected to may have been a conclusion, under the facts presented, we think the conclusive matter was properly given and was a reasonable deduction from the witness' testimony in which he said that the deceased made no movement of either of his hands and made no demonstration and did not even look around in the direction of appellant's car at the time the deceased was shot in the back portion of his head.

We think the original opinion herein was correct in disposing of Bills Nos. 9, 10, 11, 12 and 13 in which Mrs. Margaret Crossland was allowed to testify that appellant had assaulted her on these different occasions, in view of appellant's defense wherein it was claimed by him that the deceased had broken up appellant's home and was the cause of her having divorced appellant.

Believing this case to have been properly disposed of in our original opinion, the motion for rehearing is overruled.